Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000128
31-JUL-2013
07:45 AM

NO. CAAP-10-0000128

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JOSEPH W. HARTLEY,
Plaintiff/Appellee/Cross-Appellee,
v.
JOHN MARSH,
Defendant/Appellant/Cross-Appellee,
and
C. MIKAHALA KERMABON,
Defendant/Appellee/Cross-Appellant,
and
HEIRS OR ASSIGNS OF AKI, ET AL,
Defendants/Appellees/Cross-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 07-1-0456(3))

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Reifurth, JJ.)

Pro Se Defendant/Appellee/Cross-Appellant[1] C. Mikahala
Kermabon (Kermabon) appeals from the "Findings of Fact,
Conclusions of Law, And Decision And Order" entered October 11,

---

[1]     The initiating notice of appeal was filed by John Marsh on
November 8, 2010.  His portion of this appeal was dismissed by "Order Granting
Stipulation to Dismiss Appeal of Defendant-Appellant John Marsh" entered on
November 22, 2011.

2010 in the Circuit Court of the Second Circuit[2] (circuit court). The circuit court found in favor of Plaintiff/Appellee/Cross-Appellee Joseph W. Hartley III (Hartley) as the sole, exclusive owner of the property at issue (Property) in a quiet title action. On appeal, Kermabon contends the circuit court erred in finding Hartley established title through adverse possession and superior paper title.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Kermabon's appeal is without merit.

Kermabon contends the circuit court erroneously concluded Hartley proved title by adverse possession. The circuit court concluded in its Findings of Facts (FOFs) and Conclusions of Law (COLs) that "[Hartley] has proven by clear, convincing, and positive proof that he and his predecessors in interest, and his family and invitees had hostile, actual, visible, notorious, exclusive, and continuous possession of [Property] for at least fifty (50) years under claim of ownership." "A COL that is supported by the trial court's FOFs and that reflects an application of the correct rule of law will not be overturned." Allstate Ins. Co. v. Ponce, 105 Hawai'i 445, 453, 99 P.3d 96, 104 (2004) (brackets omitted). In this case, the factual findings support the circuit court conclusion and the conclusion shows no error in application of the law in adverse possession.

"It is well established that one claiming title to real property by adverse possession must bear the burden of proving by clear and positive proof, each element of actual, open,

_____

[2]     The Honorable Joseph E. Cardoza presided.

notorious, hostile, continuous, and exclusive possession for the statutory period." Mauna Kea Agribusiness Co., Inc. v. Nauka, 105 Hawai'i 252, 255, 96 P.3d 581, 584 (2004) (quoting Morinoue v. Roy, 86 Hawai'i 76, 81, 947 P.2d 944, 949 (1997) (brackets omitted). "The burden of clear and positive proof derives from the long-observed proposition that adverse possession is to be taken strictly, and every presumption is in favor of a possession in subordination to the rightful owner." Id.

A claimant establishes actual, open, and notorious possession by use of the land in a manner that puts the world on notice and attracts the attention of adverse claimants. Wailuku Agribusiness Co., Inc. v. Ah Sam, 114 Hawai'i 24, 33, 155 P.3d 1125, 1134 (2007). A claimant proves hostility "by showing possession for oneself under a claim of right, and such possession must import a denial of the owner's title." Id. (brackets and internal quotation marks omitted). A presumption of hostility arises when all other elements of adverse possession are satisfied. Id. at 34, 155 P.3d at 1135. To show continuous, exclusive use, the claimant must show use of the land similar to that of an average land owner with similar property. Id. at 34, 155 P.3d at 1135.

The statutory period has changed over the years. From 1898 to 1973, adverse possession could be established after satisfying all requisite elements for ten years. Wailuku Agribusiness Co., Inc., 114 Hawai'i at 34 n. 19, 155 P.3d at 1135 n. 19. After 1973, the statutory period increased whereby claimants may successfully prove adverse possession upon proof of fulfilling all requisite elements for twenty years. Id.

In this case, the earliest possible commencement of Hartley's possession of the Property began with the conveyance from Keokea Five, LLC to Hartley in March 2007. Hartley's possession came no more than seven months before the "Complaint

3

To Quiet Title And Partition" filed October 25, 2007, well short of the requisite twenty years.

Generally, the statutory period for adverse possession cannot be satisfied by tacking together successive possessions so as to create a continuous period of possession. Kainea v. Kreuger, 31 Haw. 108, *4 (Haw. Terr. 1929). However, successive interests may be tacked to create a continuous possession where there is privity of estate or title between each of the successive possessors so as to link each to the original entry. Kainea, 31 Haw. at *4. Privity may be established by any conveyance or agreement whether in writing or oral. Id. The claimant need only establish that each successive possession was connected and continuous. Id.

Hartley presented the circuit court with ample evidence establishing Kaonoulu Ranch as the original entry. Constructing fences and using the land for pasture constitutes evidence of actual, open, notorious, and continuous use. Deponte v. Ulupalakua Ranch, Limited, 48 Haw. 17, 18-19, 395 P.2d 273, 274-75 (1964). A managing partner/ranch hand employed by Kaonoulu Ranch testified that part of his duties at Kaonoulu Ranch included repairing stonewall and wire fences, and driving bulls in and out of the property. The ranch hand further testified to the presence of water troughs and waterlines maintained by Kaonoulu Ranch. The ranch hand testified that such activities continued from 1954 until 1989.

"It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of evidence; this is the province of the trier of fact." Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006) (internal quotation marks omitted). Therefore, the circuit court's findings regarding adverse possession remain undisturbed where the finding is supported by witness testimony

4

deemed credible by the trier of fact. As such, the activities conducted by Kaonoulu Ranch on the property comprise actual, open, notoriously, continuous use of the property for over thirty-five years, supporting Hartley's assertion that Kaonoulu Ranch was the original entry.

Hartley submitted evidence confirming privity of estate or title between Hartley and Kaonoulu Ranch, linking Hartley's interest to the original entry. Hartley presented a recorded deed or evidence of descent for each mesne conveyance linking Kaonoulu Ranch's interest to Hartley's interest. Hartley submitted the deed from Rice to Kaonoulu Ranch recorded October 3, 1955. In evidence is the deed from Kaonoulu Ranch to Thomas DeCoite recorded August 15, 1989. In evidence is the deed conveying interest from DeCoite to Toyoko Okuno recorded by deed August 16, 1989 and then the Correction Deed February 19, 1997.

Hartley submitted into evidence the "Judgment of Order Granting Petition For Approval of Final Accounts and Distribution and Complete Settlement of Estate" entered March 14, 2007, by the circuit court[3], granting the Personal Representative of Okuno's estate the right to settle accounts for Okuno, deceased. Hartley submitted the deed from the Personal Representative of Okuno's estate, Meyer M. Ueoka, to Michael Szymanski recorded May 21, 2003. Hartley then submitted into evidence the deed conveying interest from Szymanski to Hartley and four others recorded May 21, 2003. Also in evidence is the deed from Hartley and others to Keokea Five LLC recorded July 29, 2003.

Hartley presented the deed recorded March 9, 2007, and the Correction Deed recorded June 6, 2007, conveying interest from Keokea Five LLC to Hartley. Having established grounds for tacking successive interests through extensive records of

---

[3]     The Honorable Shackley F. Raffeto presided.

conveyances and devise, Hartley satisfied the statutory period for adverse possession. The record in this case supports the circuit court conclusion that Hartley successfully demonstrated all requisite elements of adverse possession.

The circuit court determined Hartley "owns exclusive paper title to that portion of Apana 1 within TMK Parcel No. (2) 2-2-05-3[]" and "that portion of Apana 2 within TMK Parcel (2) 2-2-05-03." "Where there is substantial evidence, which is credible evidence of sufficient quality and probative value to justify a reasonable person in reaching conclusions that support the FOF's, the FOF's cannot be set aside." Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 116, 839 P.2d 10, 28 (1992). "The appellate court will neither reconcile conflicting evidence nor interfere with the decision of the trier of fact based on the witnesses' credibility or the weight of the evidence." Onaka v. Onaka, 112 Hawai'i 374, 384, 146 P.3d 89, 99 (2006). So long as the circuit court's findings are supported by credible evidence, even where conflicting evidence is presented, the findings will stand undisturbed.

Substantial evidence supports the circuit court findings of fact regarding the chain of paper title. Hartley presented recorded deeds and evidence of descent to support each conveyance from the original grantor through each mesne conveyance to Hartley. Hartley effectively established a chain of title from each predecessor in interest to his own title in the Property. Though Kermabon submitted two quitclaim deeds apparently contradicting Hartley's claim to paper title, it is the province of the circuit court to weigh the evidence. Here, the circuit court found Hartley's evidence supporting his paper title superior to Kermabon's evidence. The record in this case supports the circuit court findings regarding Hartley's claim to

6

paper title in the Property; therefore, the findings of fact regarding paper title are not clearly erroneous.

In an action to quiet title, the plaintiff bears the burden to show that either he holds paper title or holds title by adverse possession. Makila Land Co., LLC v. Kapu, 114 Hawai'i 56, 58, 156 P.3d 482, 484 (App. 2006). "While it is not necessary for the plaintiff to have perfect title to establish a prima facie case, he must at least prove that he has a substantial interest in the property and that his title is superior to that of the defendants." Id.

> The plaintiff's prima facie case can be made in various ways, but it is usually done by bringing forward evidence of the initial land grant award and tracing ownership forward to the plaintiff through "mesne conveyances, devise, or descent" or through evidence of adverse possession, as provided in the quiet title statute.

Alexander & Baldwin, Inc. v. Silva, 124 Hawai'i 476, 482, 248 P.3d 1207, 1213 (App. 2011). Once the plaintiff meets the initial burden, the defendant must establish superior title than that of the plaintiff in order to defeat Plaintiff's claim. Id. "If the plaintiff and defendant both bring forward evidence supporting their claims of title, then the court must decide, based on the evidence presented, which party has superior title[.]" Id.

In this case, Hartley demonstrated substantial interest in the Property by tracing ownership from the original land grant to Hartley through mesne conveyances, devises, and records of descent entered into evidence. Having satisfied the initial burden of a prima facie case, Kermabon must demonstrate that her claim to title is superior to that of Hartley. See, e.g., Makila Land Co., LLC, 114 Hawai'i at 58, 156 P.3d at 484. Kermabon claims interest in the Property as a descendant of W. L. Puleloa and substantiates her claim with evidence of two quitclaim deeds executed by other named defendants. Other than these two

7

quitclaim deeds recorded in 2005 that fail to show Kermabon's interest in the Property, Kermabon did not produce any evidence that she holds paper title superior to Hartley's title. In light of the evidence, the circuit court did not err in concluding Hartley holds superior title than that of Kermabon.

Therefore,

IT IS HEREBY ORDERED that the "Findings of Fact, Conclusions of Law, And Decision And Order" entered October 11, 2010 in the Circuit Court of the Second Circuit is affirmed.

DATED: Honolulu, Hawai'i, July 31, 2013.

On the briefs:

C. Mikahala Kermabon
Defendant/Appellee/Cross-
Appellant pro se.

Michael W. Gibson
Connie C. Chow
(Ashford & Wriston)
for Plaintiff/Appellee/Cross-
Appellee Joseph W. Hartley.

Presiding Judge

Associate Judge

Associate Judge

8